# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware Limited Liability Company, formerly known as Century 21 Real Estate Corporation, a Delaware Corporation,<br><br>                              Plaintiff,<br>vs.<br>SAN VICENTE REAL ESTATE SERVICES, INC, a California corporation doing business as Century 21 San Vicente; ARNOLD K. FRY, an individual; HELEN B. JUPIN, an individual,<br><br>                              Defendants. | CASE NO. 11CV2381WQH(WVG)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Affidavit of Identity filed by Plaintiff Century 21 Real Estate, LLC in support of its request for issuance of a writ of execution as to judgment debtor San Vicente Real Estate Services, Inc.[1] (ECF No. 27).

**BACKGROUND**

On October 13, 2011, Plaintiff initiated this action by filing the Complaint against Defendants San Vicente Real Estate Services, Inc., Arnold K. Fry, and Helen B. Jupin. (ECF No. 1). On December 14, 2011, Plaintiff filed proof of service of the Summons and Complaint

---

[1] Plaintiff filed Requests for Issuance of Writs of Execution with the Clerk of the Court as to judgment debtors Helen B. Jupin (ECF No. 28) and Arnold K. Fry (ECF No. 30), but does not request the inclusion of additional names on those writs.

- 1 -                                                                                   11CV2381 WQH (WVG)

on Defendants. (ECF Nos. 6-8). Defendants did not file an answer or otherwise appear in the case.

On May 1, 2012, the Clerk of the Court entered default against Defendants. (ECF No. 12). On May 8, 2012, Plaintiff filed a Motion for Entry of Default Judgment against Defendants, which the Court granted on June 12, 2012. (ECF No. 15).

On June 19, 2012, the Court entered judgment in favor of Plaintiff and against Defendants San Vicente Real Estate Services, Inc., Arnold K. Fry, and Helen B. Jupin, jointly and severally, in the amount of: (1) $921,826.52 for damages; (2) .18% post-judgment interest on the principal amount from the date of June 19, 2012 until paid; and (3) $5,831.25 for attorneys' fees and costs. (ECF No. 17). On June 20, 2012, Plaintiff filed proof of service of the Notice of Entry of Judgment on Defendants. (ECF No. 18).

On July 24, 2012, Plaintiff filed a Motion for an Order Authorizing the Court Clerk to Include on a Writ of Execution Four Additional Names by Which Defendant San Vicente Real Estate Services, Inc. is Known (ECF No. 25); in support of the Motion, Plaintiff submitted a declaration of its attorney, Gary A. Collis ("Collis"). (ECF No. 25-1). On September 28, 2012, the Court denied the Motion, concluding that Plaintiff's request did not comply with the procedure for execution of a judgment under California law because "Plaintiff did not file the ... motion and its supporting declaration 'with the application for issuance of the writ of execution.'" (ECF No. 26 at 3) (quoting Cal. Civ. Proc. Code § 699.510(c)(1)).

On October 12, 2012, Plaintiff filed Affidavits and Requests for Issuance of Writs of Execution as to Helen B. Jupin (ECF No. 28), San Vicente Real Estate Services, Inc. (ECF No. 29) and Arnold K. Fry. (ECF No. 30). On October 12, 2012, in support of the Affidavit and Request for Issuance of Writ of Execution as to judgment debtor San Vicente Real Estate Services, Inc. (ECF No. 29), Plaintiff filed an Affidavit of Identity, in which Plaintiff's attorney, Collis, stated:

> Judgment debtor San Vicente Real Estate Services, Inc. ("San Vicente") is also known by the four following names: Century 21 San Vicente, Inc., Century 21 All San Vicente, Inc., Century 21 San Vicente, and San Vicente Escrow. San Vicente's use of these four names is revealed by the information in Exhibits A through E hereto.

(ECF No. 27 at 1-2). Plaintiff submitted the following documents, which Collis stated that he "recently obtained" from the California Secretary of State: "Articles of Incorporation of Century 21 San Vicente, Inc.," "Certificate of Amendment of Articles of Incorporation of Century 21 San Vicente, Inc.," and "Certificate of Amendment of Articles of Incorporation of Century 21 All San Vicente, Inc." *Id.* at 2. Plaintiff submitted a document entitled "Fictitious Business Name Statement," which Collis stated that he "recently obtained" from the office of the Recorder of the County of San Diego. *Id.* Plaintiff submitted "true and correct copies of print-outs that [Collis] made of the following websites: www.facebook.com, www.c21sanvicente.net, and www.arniefry.com"; Collis stated that the print-outs "reveal that San Vicente continues to use its two registered, fictitious names – Century 21 San Vicente and San Vicente Escrow." (ECF No. 27 at 2). Collis stated that his "investigation into San Vicente's assets has also disclosed that it may own or control assets in one or both of its prior legal names, i.e. Century 21 San Vicente, Inc. and Century 21 All San Vicente, Inc." *Id.*

## DISCUSSION

Under Federal Rule of Civil Procedure 69(a), "[t]he procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located...." Fed.R.Civ.P. 69(a). California Code of Civil Procedure section 699.510(a) states: "[A]fter entry of a money judgment, a writ of execution shall be issued by the clerk of the court, upon application of the judgment creditor...." Cal. Civ. Proc. Code § 699.510(a). California Code of Civil Procedure section 699.510(c)(1) states:

> The writ of execution shall be issued in the name of the judgment debtor as listed on the judgment and shall include the additional name or names, and the type of legal entity, by which the judgment debtor is known, as set forth in the affidavit of identity, as defined in Section 680.135, filed by the judgment creditor with the application for issuance of the writ of execution. Prior to the clerk of the court issuing a writ of execution containing any additional name or names by which the judgment debtor is known that are not listed on the judgment, the court shall approve the affidavit of identity. If the court determines, without a hearing or a notice, that the affidavit of identity states sufficient facts upon which the judgment creditor has identified the additional names of the judgment debtor, the court shall authorize the issuance of the writ of execution with the additional name or names.

Cal. Civ. Proc. Code § 699.510(c)(1). California Code of Civil Procedure section 680.135

states:

> "Affidavit of Identity" means an affidavit or declaration executed by a judgment creditor, under penalty of perjury, that is filed with the clerk of the court in which the judgment is entered at the time the judgment creditor files for a writ of execution or an abstract of judgment. The affidavit of identity shall set forth the case name and number, the name of the judgment debtor stated in the judgment, the additional name or names by which the judgment debtor is known, **and the facts upon which the judgment creditor has relied in obtaining the judgment debtor's additional name or names**. The affidavit of identity shall not include the name or names of persons, including any corporations, partnerships, or any legal entities not separately named in the judgment in which the judgment debtor is a partner, shareholder, or member, other than the judgment debtor.

Cal. Civ. Proc. Code § 680.135 (emphasis added).

The Court finds that the declaration of Collis and the attached exhibits submitted by Plaintiff fail to set forth the factual basis for the assertions that judgment debtor San Vicente Real Estate Services, Inc. is currently known by the names Century 21 San Vicente, Inc., Century 21 All San Vicente, Inc., Century 21 San Vicente, and San Vicente Escrow. *See* Cal. Civ. Proc. Code § 680.135; *see also, e.g., Peterson v. Islamic Republic of Iran*, C 08-80030-MISC JSW, 2008 WL 5046313 (N.D. Cal. Nov. 24, 2008) ("Cal.Civ.Proc.Code section 680.135 requires an affidavit or declaration under penalty of perjury which sets forth the factual basis for [the] assertion that the debtor is known by other names. Here plaintiffs' applications are supported by declarations of counsel which attaches a number of unauthenticated or poorly authenticated documents which purportedly establish that the government of Iran, the judgment debtor, owns one or more national oil companies which in turn have a number of subsidiaries. As proof, plaintiffs rely principally on screen shots of various internet websites. Plaintiffs have not established that the websites from which these screen shots were taken are owned or maintained by the companies in question, let alone that the information on those websites is accurate."); *but see, e.g., Legal Additions LLC v. Kowalksi*, C-08-2754 EMC, 2011 WL 2530912 (N.D. Cal. June 23, 2011) (finding that sufficient facts exist to justify the inclusion of an additional name on a writ of execution where the plaintiff stated in a declaration that the additional name was used in correspondence between the plaintiff and defendant and that the name was used to pay for services rendered).

**CONCLUSION**

The Court declines to approve the Affidavit of Identity submitted by Plaintiff. The Clerk of the Court shall not issue a writ of execution containing any additional names not listed on the judgment as to judgment debtor San Vicente Real Estate Services, Inc. *See* Cal. Civ. Proc. Code § 699.510(c)(1) ("Prior to the clerk of the court issuing a writ of execution containing any additional name or names by which the judgment debtor is known that are not listed on the judgment, the court shall approve the affidavit of identity.").

DATED: December 11, 2012

**WILLIAM Q. HAYES**
United States District Judge